HONORABLE ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| T.R. and ERICA SMITH,<br><br>                Plaintiffs,<br><br>vs.<br><br>FEDERAL WAY SCHOOL DISTRICT and VALLEY CITIES COUNSELING AND CONSULTATION<br><br>                Defendants. | NO. CV06-1541RSL<br><br>**DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**<br><br>**Note on Motion Calendar: July 20, 2007** |

COMES NOW Defendant VALLEY CITIES COUNSELING AND CONSULTATION (hereinafter "Valley Cities"), by and through its attorney of record, John Francis Kennedy, and submits the following Motion for Summary Judgment.

## I.  RELIEF SOUGHT:

Defendant Valley Cities moves for summary judgment, pursuant to Federal Rule of Civil Procedure 56, on the following grounds:

---

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 1

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

1. HIPAA does not provide for a private right of action as alleged by plaintiff;
2. Plaintiff has provided no basis for a claim that Defendant Valley Cities released any HIPAA protected materials;
3. Plaintiff has provided no basis to support her claim of Defendant Valley Cities' alleged violation of the various statutes as set forth at Paragraph 3.1 of plaintiff's complaint (Dkt. #4, P. 3.1).

## II. FACTS

Plaintiff Erica Smith is the mother of Plaintiff T.R., a minor. Plaintiff T.R. was, at all relevant times, a student of Defendant Federal Way School District (i.e. Mirror Lake Elementary School) and was also a client of Defendant Valley Cities Counseling & Consultation (hereinafter referred to as "VCCC").

On or about October 27, 2005, Plaintiff Erica Smith submitted a written revocation of a signed authorization by her wherein she had permitted the disclosure of protected health information between the defendants regarding Plaintiff T.R. Plaintiff Smith's written revocation, effective October of 2005, prohibited the defendants from exchanging any "protected health information"—PHI—protected by HIPAA regarding her son, Plaintiff T.R. Plaintiff T.R. remained a student at Mirror Elementary School and also continued to receive counseling services from Ms. Carla Curio of VCCC up and through April of 2006.

In providing counseling for TR during a portion of the 2005-2006 school year, Carla Curio traveled to Mirror Lake Elementary School in Federal Way School District and picked up TR and transported him from the school to VCCC's offices for therapy, often then transporting TR from VCCC offices to his home or the home of a relative. See Declaration of Carla Curio in Support of Defendant VCCC's Motion for Summary Judgment, pages 1 and 2, paragraph 3.

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 2

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

In picking up TR at his school for counseling, Ms. Curio necessarily had contact with employees of Mirror Lake Elementary/Federal Way School District. That contact, however was limited to cordial, courteous and professional exchanges and did not involve the disclosure of protected health information. *Id.*, at page 2, paragraph 5. The Federal Way School District employees knew that Ms. Curio was affiliated with VCCC given that she had been providing therapy services at the school itself at a time prior to Ms. Smith's revocation of her authorization, and more specifically, knew that Ms. Curio was a VCCC therapist providing services to TR because of the prior written authorization for exchange of information.

In the course of picking up TR at Mirror Lake Elementary School, Ms. Curio would at times exchange pleasantries or greetings with TR's school teacher, Christie Galinat. On occasion Ms. Galinat would say things in a cheerful and praiseworthy way in TR's presence things to the affect of "Trevon's had a real good day," to which Ms. Curio would respond in a similarly cordial and pleasant way, "That's great," or "Yeah, he's really doing great." Id., at page 2, paragraph 7. This type of verbal exchange between Ms. Galinat and Ms. Curio was in no way a disclosure of protected health information but was simply two adults in the presence of a child saying positive remarks to the effect that another human being, in this case TR, was "doing good" or was "doing great." Id., at pages 2 and 3, paragraph 7.

As also noted within Carla Curio's declaration when Ms. Curio would come to pick up T.R. at school, T.R. would sometimes ask Ms. Curio if his mom would be there, referring to Valley Cities. In response, Ms. Curio advised T.R., "[Y]eah," or "Yes, she's going to be there." Id., at page 3, paragraph 8. At times T.R. would also ask Ms. Curio, "Are we going to play games?" Ms. Curio would respond to T.R. and say, "yes." Id..

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 3

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223   FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

In addition to the above alleged statements, a generic curriculum/lesson plan regarding the resolution of conflict for elementary school students was given by Ms. Galinat to Ms. Curio, the latter of whom took the packet as one professional to another as material of general interest for professionals who interact with children, as did both Ms. Galinat and Ms. Curio. Id., at page 3, paragraph 9.

In her complaint for damages at paragraph 3.1, plaintiff Erica Smith alleges that Defendant Valley Cities is liable for violating the Privacy Rule and standards of HIPPA [sic], the Health Insurance Portability and Accountability Act, which regulates the privacy of "protected health information." (42 U.S.C., section 1320d(4) and (6) and 45 C.F.R. 160.103). In addition, plaintiff has also alleged that by disseminating the above-referenced information Defendants also violated various Washington statutes, specifically set forth below in Defendant Valley Cities' legal argument.

### III.   EVIDENCE

Pursuant to Fed. R. Civ. Proc. 56, Defendant VCCC hereby puts plaintiffs to their requisite and mandated proof to demonstrate that there is a material issue of fact as to each and every allegation and claim made in the complaint. Defendant VCCC relies upon the following evidence in making this motion:

This instant Memorandum in Support of Defendant Valley Cities' Counseling & Consultation's Motion for Summary Judgment;

State and federal authorities as cited herein;

Declaration of Carla Curio in Support of Defendant Valley Cities' Counseling & Consultation's Motion for Summary Judgment;

Declaration of Christie Galinat and attachments;

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 4

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA  98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

# IV. LEGAL ARGUMENT

A. **Standard on Summary Judgment:**

The purpose of FRCP 56, which provides for summary judgment disposition, is similar to its federal counterpart:

> The very mission of the summary judgment procedures is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial...It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment.

Fed. R. Civ. P., CR 56, Notes on 1963 Amendments

Summary judgment has long been relied upon to separate "what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." See Judge Cardozo in *Richard v. Credit Suisse*, 152 N.E. 110, 111, 242 NY 346 (1926). Where no genuine issues as to any material fact remain in dispute, or indeed as in this case were ever in dispute, the court can and should rule on the claims before it as a matter of law. See Fed. R. Civ. P. 56© and *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, and 327 (1986). .

The moving party on summary judgment has the burden of demonstrating the absence of a genuine issue of material fact for trial. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1989). In California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987), the court found that bald assertion by the non-moving party that a genuine material of fact exists is not sufficient to preclude summary judgment.

In *Suarez v. Newquist*, 70 Wn. App. 827, 832, 855 P. 2d 1200, 1204 (1993), the court warned adverse parties that given the caveats in CR 56 (e) "speculation, argumentation, assertions, opinions and conclusory statements will not defeat the motion [for summary judgment]." Where the court can determine that reasonable minds could reach but one conclusion, summary judgment is

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 5

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223 FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

indicated. See *Dale v. Black*, 81 Wn. App. 599, 601, 915 P. 2d 1116 (1996); *Webstad v. Stortini*, 83 Wn. App. 857, 864-65, 924 P. 2d 940 (1996); *Caughell v. Group Health Coop. of P.S.* 124 Wn. 2d 217, 235, 876 P. 2d 898 (1994); *Gall v. McDonald Indust*, 84 Wn. App. 194, 205, 926 P. 2d 934 (1996).

> A defendant who can point out to the trial court that the plaintiff lacks competent evidence to support an essential element of the plaintiff's case is entitled to summary judgment because a complete failure of proof concerning an element necessarily renders all other facts immaterial.

*Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225 & n.1, 770 P.2d 182 (1989); *Guile v. Ballard Comm'ty Hosp.*, 70 Wn. App. 18, 23, 851 P.2d 182 (1989).

### B. HIPAA Does not Allow for a Private Right of Action Against Defendants and Plaintiffs' Claims are Without Merit as a Matter of Law :

The plaintiffs' main claim in this case is that the defendants violated HIPAA by disseminating some very limited information (referenced in the "facts" section above), none of which Defendant VCCC submits was "protected health information" under HIPAA. However, even if private health information protected under HIPAA was disclosed by the defendants, plaintiffs would not have a private right of action to bring a claim under HIPAA. In *Runkle v. Gonzales*, 391 F. Supp. 2d 210; 2005 U.S. Dist. LEXIS 22219 (2005), the U.S. District Court for the District of Columbia noted that: **"No federal court has ever found that Congress intended HIPAA to create a private right of action."** *Id.*, at 237.

In *Poli v. Mountain Valley's Health Centers, et al.*, 2006 U.S. Dist. LEXIS 2559, the plaintiff sued Defendants alleging that they had wrongfully released plaintiff's medical information in violation of HIPAA. In its opinion, the United States District Court for the Eastern District of California, held that HIPAA does not either expressly or impliedly allow for a private cause of action. See *Poli*, supra,

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 6

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223 FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

at 13-14, the court citing *Logan v. Dept. of Veterans Affairs*, 357F. Supp. 2d 149, 155 (D.D.C. 2004), and *O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F. Supp. 2d 1176, 1178 (D. Wyo. 2001). The court in *Poli* further found that by delegating enforcement of HIPAA to the Secretary of Health and Human Services, Congress set forth its intent to preclude enforcement by private individuals. *Id.*, at 13, the court citing to *Alexander v. Sandoval*, 532 U.S. 275, 286-87, 121 S. Ct. 1511, 149 L.Ed. 2d 517 (2001). HIPAA specifically indicates that "the Secretary of HHS shall pursue the action against an alleged offender [of HIPAA] **"not a private individual"**. See *AlliLogan v. Department of Veterans Affairs*, 357 F.Supp. 2d 149; 2004 U.S. Dist. LEXIS 27150, the court citing *O'Donnell*, supra, at 1179-80. As noted by the court in *Poli*, supra, "Plaintiff cannot maintain a claim for violation of HIPAA because no express or implied private cause of action exists under the statute" and to recognize such a claim would be, according to the court, "tantamount to creating a cause of action where none exists." *Poli*, supra, at 14.

In *Danielson v. Jennings*, 2006 U.S. Dist. LEXIS 73118, the plaintiff sued Defendant in the United States District Court for the Eastern District of Washington, alleging that the Defendant violated HIPAA and that the plaintiff was entitled to monetary compensation under a private cause of action. In dismissing the plaintiff's claims for violation of HIPAA, the court strongly reiterated that **"plaintiff cannot maintain a claim for violation of HIPAA because no express or implied private cause of action exists under the statute.** See *Danielson*, the court citing to *Logan*, supra, *O'Donnell*, supra, *University of Colorado Hosp. v. Denver Publ'g Co.*, 3490 F. Supp. 2d 1142, 1145 (D. Colo. 2004) and *Johnson v. Quander*, 370 F. Supp. 2d 79, 99 (D.D.C. 2005.

Based upon the fact that there is no private cause of action for a violation of HIPAA, as specifically held by federal courts that have addressed the issue, Defendant VCCC's motion for

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 7

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

summary judgment based upon plaintiffs' claim that it violated HIPAA, should be dismissed, with prejudice.

### A. Even if Plaintiffs Had a Private Right of Action for Alleged Violation of HIPAA, Defendant Valley Cities Did Not Release any 'Protected Health Information'—PHI—as defined under HIPAA

As noted above, plaintiffs fail to state a claim on which relief can be granted in this case as federal law clearly disallows any private cause of action for an alleged violation of HIPAA. However, even if such private cause of action existed, plaintiff has still failed to raise a material issue of fact as to her claims in this case as there was no release of "protected health information", the only information which is sheltered and protected from disclosure under HIPAA. See 45 C.F.R., section 164.500(a) and 164.304, and in general, 164.508. For purposes of HIPAA, in order for information to be deemed to be "health information", it must be created by or received by a health care provider and:

> "relate…to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual" and "that identifies the individual" or "with respect to which there is a reasonable basis to believe that the information can be used to identify the individual." See 42 U.S.C., 1320d(4)(B) and 1320d(6).

Plaintiff alleges that Defendants violated HIPAA by the exchange between VCCC counselor Carla Curio and Federal Way Teacher Christy Galinat, of a generic curriculum that Ms. Galinat used in her class for instruction, a copy of which Ms. Galinat gave to Ms. Curio for general information as one professional to another. See Declaration of Christie Galinat and attached Exhibit 2 thereto, submitted by Defendant Federal Way School District in conjunction with its motion for summary judgment and see Declaration of Carla Curio in Support of Defendant VCCC's Motion for Summary Judgment..

The generic curriculum given to Ms. Curio by Ms. Galinat (which did not pertain to Plaintiff T.R. or identify him in any manner, whatsoever) does not even come close to being protected

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 8

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

information under HIPAA. It does not "relate" <u>in any way</u> to the plaintiff, T.R., let alone relate to his "past, present, or future physical or mental health condition or the provision of health care to him" as required by the statute for such information to be protected by HIPAA. In *Rice v. Union Central Life Insurance*, 2006 U.S. Dist. LEXIS 27248 (2006), the court noted that the regulations of HIPAA provide that "health information that does not identify an individual and with respect to which there is no reasonable basis to believe that information can be used to identify an individual is not individually identifiable health information." *Id.*, at 18. Clearly, the generic curriculum at issue in this case is not only **not** "health information" but it is not "identifiable health information." In short, the subject generic curriculum is not protected by HIPAA.

With regard to any verbal communications between Ms. Curio and Ms. Galinat when Ms. Curio came to the school to pick up T.R. for his counseling sessions, as set forth in the Declaration of Carla Curio in Support of Defendant VCCC's Motion for Summary Judgment, any such verbal exchanges were simply casual, cordial and polite communication between two professionals who facilitated the transfer of T.R. from school to his counseling sessions. As noted in Ms. Curio's declaration, at times when she would arrive at school to pick up T.R., his teacher Ms. Galinat would state, "T.R. had a very good day today," to which Ms. Curio would respond, "That's great," or "Yeah – he's really doing great." Id., at page 2, paragraph 7. That exchange does not relate to T.R.'s "past, present, or future physical or mental health condition or the provision of health care to him" as defined by HIPAA as being "Protected Health Information." The authorized pick up of T.R. by Ms. Curio at his school cannot occur "in a vacuum" and sufficient communication must be made between counselor and teacher to ensure that the counselor is, indeed, authorized to pick up and transport T.R. from his school. Furthermore, it is reasonable and ordinary to anticipate that such interaction would and should be

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 9

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

accompanied by civil and polite exchanges between the individual picking up the child and the school personnel with whom that adult is interacting. To assert to the contrary ignores common sense and to assert that one is entitled to premise a suit upon such minimal, non-protected information is insupportable. It is also reiterated that the fact that T.R. had weekly counseling through VCCC was well known by both Ms. Galinat and Ms. Curio both before and after Ms. Smith ever revoked her authorization for the exchange of T.R's protected health information. Nonetheless, any reference that T.R. was "doing really great" in response to his teacher's statement that he was having a really good day, is simply courteous, affirming adult comments of the type that any adult would hopefully say in the presence of a young child and in no way constituted the disclosure of protected health information under HIPAA.

     As also noted within Carla Curio's declaration when Ms. Curio came to pick up T.R. at school, T.R. would at times ask Ms. Curio if his mom would be there, referring to VCCC. In response, Ms. Curio said, "Yeah," or "Yeah, she's going to be there." Id., at Paragraph 8. T.R. would then ask Ms. Curio if they were going to play games," to which Ms. Curio would respond, "Yes." Id.

     Ms. Curio's affirmative answers to T.R. (that his mother would be present at VCCC that day and that they would also play games that day) was made by Curio in direct response to two questions <u>specifically asked by Plaintiff T.R. of Ms. Curio.</u> It was not something that either Curio or Galinat raised to one another but, rather, it was a question <u>specifically asked by Plaintiff T.R. to Ms. Curio</u> in the presence of Ms. Galinat. Thus, it was Plaintiff T.R. who asked Ms. Curio if his mother would be at VCCC that day and whether they would play games. If responding to this type of question by a child in this context constitutes disclosure of protected health information, it would be entirely untenable and would strain all credulity to suggest that any health care provider or any educational institution would

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 10

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA  98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

facilitate and accommodate a child's therapeutic needs in this regard if the therapist and/or the teacher were in peril of violating HIPAA any time a child asks a reasonable general question and the therapist or teacher provided a polite general type response. Ms. Curio's answering T.R's questions as to whether his mom would be there or whether they were going to play games, did not relate to T.R.'s "past, present, or future physical or mental health condition or the provision of health care to him" as required by the statute for such information to be protected by HIPAA. In short, there was no exchange of "protected health information" between Ms. Curio and Ms. Galinat as has been alleged by plaintiffs. To the contrary, any verbal exchanges between Ms. Galinat and Ms. Curio were normal pleasantries and greetings exchanged between the two adults in front of TR during the time that Ms. Curio came to pick up TR from school.

C. **Plaintiffs Have Failed to Establish a Claim Under Washington Statutes:**

In addition to the plaintiffs' claim under HIPAA, plaintiffs are also making claims in this matter alleging that Defendants violated various state statutes when the alleged information was exchanged between Ms. Curio and Ms. Galinat on March 28, 2006.

The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Loggy, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L.Ed. 2d 202 (1986). If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. See FRCP 56(e). However, no defense to an insufficient showing is required. *Neely v. St. Paul Fire & Marine Insurance Co.*, 584 F.2d 341, 344 (9th Cir. 1978). A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there is a genuine issue for trial. See *Anderson*, supra, at 257. Similarly, a non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 11

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This burden to demonstrate a genuine issue of fact increases where the factual context makes the non-moving party's claim implausible. *Matsushita Electric Industrial Company, Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus, mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L.Ed.2d 650 (1988).

This motion for summary judgment puts the plaintiffs to their proof as clearly mandated by the above-referenced case law. Thus, as opposed to forcing Defendant VCCC to the unprecedented task of proving that the statutes cited by plaintiff in their complaint for damages are inapplicable, it is the <u>plaintiffs' burden</u> to show that they have admissible evidence to support their claims under all of the Washington statutes under which they claim a right of entitlement as against Defendants in this case. To the extent that plaintiffs fail to proffer admissible evidence in support of their claims in this regard, all such claims should be dismissed, with prejudice. Defendant VCCC submits that the information presented below is sufficient for purposes of shifting the burden of proof to the plaintiffs in their responding materials.

Specific statues under which plaintiffs are making claims in this matter include RCW 74.04.064; RCW 74.02.020; RCW 74.24.105; RCW 71.05.630; RCW 26.44.030; RCW 13.50.100; RCW 70.02.005; RCW 71.05.390; RCW 70.24.105; RCW 26.44.010, RCW 42.17.310; RCW

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 12

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223 FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

71.05.640 and RCW 71.05.440. The lack of merit as a matter of law as to any violation of these statutes by Defendant Valley Cities has been addressed below.

**RCW 74.04.064:** This statute addresses contracts for the "sale of property", which are clearly not applicable in this case and plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 74.02.020:** This statute does not exist and plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 74.24.105:** This statute addresses disclosures concerning whether an individual may be HIV positive or have AIDS, neither of which have been alleged as being relevant in this case. Consequently, plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 71.05.390, RCW 71.05.440, RCW 71.05.630 and 71.05.640:** These statutes are inapplicable because they relate to records pertaining to mental patients who have been committed to an institution, which are not alleged to be relevant in this case. Consequently, plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 26.44.010 and 26.44.030:** These statutes are inapplicable inasmuch as they relate to child abuse reporting requirements, which is not alleged to be an issue in this case. Consequently, plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 13.50.100:** This statute is inapplicable in this case as it relates to situations where juveniles records are retained by a juvenile justice or juvenile care agency. Again, no such records or agencies are alleged to be at issue in this case. Consequently, plaintiffs' claims under that statute are, as a matter of law, without merit.

DEFENDANT VALLEY CITIES COUNSELING AND
CONSULTATION'S MOTION FOR SUMMARY
JUDGMENT PURSUANT TO FRCP 56 - 13

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA  98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

**RCW 42.17.310:** This statute no longer exists and was part of the old Public Disclosure Act, which is now the Public Records Act of RCW 42.56. This case does not involve any allegations regarding any request for the release of any public records or that Defendant Valley Cities did anything to violate the Public Records Act. Because this has not been alleged to be an issue in this case, this section is inapplicable. Consequently, plaintiffs' claims under that statute are, as a matter of law, without merit.

**RCW 70.02.005:** This statute is the Washington Uniform Health Care Information Act (RCW 72.02.902) and is Washington's state law equivalent to HIPAA. The section of the Act cited by plaintiffs in their complaint, i.e. .005, is the "policy" section of the Act and does not provide for any cause of action or claim.

## IV. CONCLUSION

There is no material issue of fact in this case as to whether or not Plaintiffs have a private cause of action for any alleged violation by Defendants of HIPAA. All federal cases evaluating the issue have held that no such private cause of action exists. Even if such private cause of action existed, there is no evidence that there was any breach of HIPAA by Defendant Valley Cities as any alleged exchange of information between the defendants was either not defined as "protected health information" under HIPAA or, in the alterative, was information that was already possessed by Defendant Federal Way School District and Valley Cities prior to any revocation by Plaintiff Smith of the authorization of Defendants to exchange protected health information regarding Plaintiff T.R. Consequently, plaintiffs' claims against Defendant Valley Cities Counseling and Consultation should be dismissed in their entirety, with prejudice, as a matter of law.

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 14

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223 FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

Based upon the foregoing, Defendant Valley Cities Counseling and Consultation respectfully requests that the court grant its motion for summary judgment and dismiss the plaintiffs' claims in their entirety as against it, with prejudice.

DATED this 28th day of June, 2007.

LAW OFFICES OF JOHN FRANCIS KENNEDY


By:  /s/ John Francis Kennedy
JOHN FRANCIS KENNEDY, WSBA #5692
Attorney for Defendant VALLEY CITIES COUNSELING AND CONSULTATION

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 15

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA  98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served in the manner noted a copy of the listed document on counsel below:

"Defendant Valley Cities Counseling and Consultation's Motion for Summary Judgment Pursuant to FRCP 56"

**Counsel for Plaintiffs:**
Richard Kelleher, WSBA# 277
Kelleher Law Office
1023 N.E. 43rd #101
Seattle, Washington 98105
[X]  Via Mail
[X]  Via CM/ECF System
[ ]  Via Hand Delivery
[ ]  Via Legal Messenger
[ ]  Via Fax (206) 545 - 2976

**Counsel for Co-Defendant Federal Way School District:**
Duncan Fobes, WSBA # 14964
PATTERSON, BUCHANAN, FOBES,
LEITCH, KALZER & WAECHTER, INC. P.S.
Two Union Square
601 Union Street, Ste 4200
Seattle, WA 98101
[X]  Via Mail
[X]  Via CM/ECF System
[ ]  Via Hand Delivery
[ ]  Via Legal Messenger
[ ]  Via Fax (206) 652-3501

Dated: Gig Harbor, Washington June 28, 2007.

/s/ Gabrielle Gilchrist
Gabrielle Gilchrist
Legal Assistant
Law Offices of John Francis Kennedy
3419 Harborview Drive
Gig Harbor, WA 98332

DEFENDANT VALLEY CITIES COUNSELING AND CONSULTATION'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56 - 16

E:\files\Docs\6116\Pleadings\MSJ2.doc

LAW OFFICES OF JOHN FRANCIS KENNEDY
3419 Harborview Drive
Gig Harbor, WA 98332-2127
PHONE (253) 853-6223  FAX (253) 853-6479
E-MAIL: jfk@KennedyLawNorthwest.com